FILED
MISSOULA, MT
2007 JUN 28 PM 4 56
PATRICK E. DUFFY
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DARRELL HOWE, | ) | Cause No. CV 07-09-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

On January 23, 2007, Petitioner Darrell Howe filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Howe is a state prisoner proceeding pro se.

On June 19, 2007, Howe was ordered to show cause why his petition should not be dismissed for failure to comply with the one-year federal statute of limitations. He was also ordered to show an excuse for his procedural default of most of his claims. He responded on June 26, 2007.

**I. Statute of Limitations Bar**

The statute of limitations analysis is set forth in the Court's Order of June 19 (doc. 8). Howe's time to file under 28 U.S.C. § 2244(d) expired on January 20, 2006. He signed his petition on January 17, 2007. All of his claims are time-barred.

Howe states that he has diligently attempted to obtain legal help but has been unable to afford an attorney and unable to obtain assistance from "jailhouse attorneys." He also states that Keith

Brown, a former inmate who purportedly founded a "para legal service" when he was released, absconded with all of his "clients'" legal work.[1]

It is now more questionable than ever whether equitable tolling even applies to habeas petitions governed by 28 U.S.C. §§ 2254 and 2244(d). In *Bowles v. Russell*, __ U.S. __, 127 S. Ct. 2360 (2007), decided on June 14, 2007, a pro se prisoner was told by the judge presiding over his case that he could file a notice of appeal on or before a certain date. He complied. Nonetheless, the Supreme Court held that the notice was untimely by three days because the filing of a notice of appeal is a "statutory time limit" and therefore must be viewed as "jurisdictional." The fact that the presiding judge told the prisoner that his notice would be timely was of no significance to a majority of the Justices. *See* 127 S. Ct. at 2364-65; *see also Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted," and other sections, including § 2244, "inform our authority to grant such relief as well."). For this reason, the Court has serious doubts that equitable tolling will withstand Supreme Court review.

Even assuming the doctrine applies, Howe cannot meet the high standard that is required to support equitable tolling. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstances warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court could not recognize Howe's inability to retain counsel as sufficient to warrant equitable tolling without, in effect, recognizing a right to the assistance of postconviction or habeas counsel. The Supreme Court has held that there is no such right. *See Pennsylvania v.*

---

[1] It is safe to say that, at least in the federal court, Brown has done far more harm than good for prisoners attempting to challenge their state convictions.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

*Finley*, 481 U.S. 551, 555 (1987). There is no basis for equitable tolling.

In his brief in response to procedural default, Howe says:

> This court should have the authority to rule on all issues in order to maintain justice within our system. Right is right and wrong is wrong. Please help me make this right.

Pet'r Br. to Show Cause and Prejudice (doc. 10) at 3, ¶ 4.

The Court agrees. Courts should have the authority to rule on matters to maintain justice. But they do not. Every judge takes an oath to follow and uphold the law. A judge cannot lay down what he thinks the law should be. For better or worse, Congress decreed in 1996 that even unrepresented and unsophisticated state prisoners who fail to file their habeas petitions within a certain time period may not obtain relief from the federal courts.

## II. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id.*

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

Both the time bar and the lack of grounds for equitable tolling are very clear here. Reasonable jurists could not find a way, within the law, to address Howe's claims on the merits. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Howe's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days[2] of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Howe must immediately inform the Court of any change in his mailing address.

DATED this 28th day of June, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5